UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINNIFER HENCY, et al.,

    Plaintiffs,

v.

ST. CLAIR COUNTY, et al.,

    Defendants.
    _____/

Case No. 2:17-cv-12040

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR RECONSIDERATION [39]
AND GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE
SECOND MOTION FOR SUMMARY JUDGMENT (AS TO COUNT XI
ONLY), AND MOTION TO ADJOURN FINAL PRETRIAL AND TRIAL [40]**

On September 24, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment ("Order"). ECF 38. On September 30, 2019, Defendants filed a motion for reconsideration, ECF 39, and a motion for leave to file a second motion for summary judgment as to claim eleven in the complaint, ECF 40. For the reasons below, the Court will grant in part and deny in part the motion for reconsideration and grant the motion for leave to file a second motion for summary judgment only as to claim eleven.

I.    Motion for Reconsideration

The Court denied Defendants' motion for summary judgment as to two claims: (1) Ms. Hency's claim against Defendant Spadafore for unlawful seizure of her person, and (2) Plaintiffs' conspiracy to interfere with their civil rights claim as to all Defendants. *See* ECF 38, PgID 3725. Defendants moved for reconsideration as to both

1

claims. ECF 39. The Court will grant a motion for reconsideration only when the movant demonstrates that: (1) the Court was misled by "a palpable defect," and (2) "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Here, Defendants failed to meet both prongs for either claim.

  A. *Ms. Hency's Claim Against Defendant Spadafore*

As to Ms. Hency's claim against Defendant Spadafore for unlawful seizure of her person, Defendant Spadafore emphasized the Court's statement that whether Ms. Hency "stated an intent to transfer her marijuana to the Shattucks is *immaterial* to whether the officers had probable cause to arrest her." ECF 39, PgID 3730 (quoting ECF 38, PgID 3711) (emphasis added). The quoted sentence, however, was an unfortunate scrivener's error. As indicated by the content surrounding the quoted sentence, the sentence should have stated that Ms. Hency's intent was *material* to whether the officers had probable cause.

And the evidence Defendant Spadafore cited regarding Ms. Hency's arrest was already considered by the Court and failed to establish that there was no genuine dispute of material fact. Her quoted statement to Deputy Maxey was only that she "sometimes" traded strains with Dale Shattuck. *See* ECF 39, PgID 3745 (quoting Ms. Hency's interview with Deputy Maxey the day of her arrest). She did not actually state that she was at DNA Wellness to trade with Dale Shattuck that day. And, more importantly, the interview provides no information about what statements Ms. Hency made to Defendant Spadafore or other officers who were present prior to her arrest. Absent a statement about what she said to the officers at DNA Wellness before they

2

arrested her, Ms. Hency's statements to Deputy Maxey after the fact are irrelevant to whether Defendant Spadafore had probable cause to arrest her at the time.

Ms. Hency's deposition statements about what she said to the officers before they arrested her, *see* ECF 38, PgID 3710, were not contradicted by the contents of her interview with Deputy Maxey. Further, Dale Shattuck testified in his deposition only that Ms. Hency sometimes traded strains with him and that he "vaguely remember[ed] . . . having a trade of some sort" set up with her that day. *See* ECF 30-2, PgID 1382–83, 1406. But he simultaneously testified that he did not have any marijuana on him that day, so it is unclear how a trade would have occurred. *Id.* at 1406. Most importantly, Dale Shattuck did not say anything about what Ms. Hency said to the officers before they arrested her. Ms. Hency's deposition statements regarding what transpired prior to her arrest were not undermined by her interview with Deputy Maxey or by Dale Shattuck's deposition testimony, but they did contradict the officers' version of what transpired, creating a genuine dispute of material fact. *See id.* at 3708; ECF 39, PgID 3744 (quoting Defendant Spadafore's report). And, as the Court already determined, Defendant Spadafore did not have probable cause to arrest Ms. Hency if her version of what transpired prior to her arrest was true. ECF 38, PgID 3711. There is a genuine dispute of material fact regarding Ms. Hency's alleged statement. Whether her version of events or the officers' version of events is more trustworthy is a question of fact for the jury.

Defendant Spadafore's argument that he had probable cause to arrest Ms. Hency "independent of her admission" is unavailing. ECF 39, PgID 3748. First, on a

motion for reconsideration, the Court does not consider arguments about "the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The Court already considered the evidence presented by both sides regarding Ms. Hency's arrest and determined that if she did not make the disputed statement then probable cause did not exist to arrest her. ECF 38, PgID 3711.

Second, even if the Court reconsidered the argument in the first instance, Defendant Spadafore did not have probable cause to arrest Ms. Hency absent her alleged statement. Defendant Spadafore's argument that he had probable cause absent Ms. Hency's disputed statement is that: (1) DNA Wellness had been illegally operating and "selling a large volume of marijuana to the open public," (2) "[b]ecause of the volume it was selling, a valid issue was where the supply was coming from," (3) Ms. Hency showed up at DNA Wellness on a Doctor's Day when DNA Wellness was not illegally selling marijuana, and (4) she did not explain her presence at DNA Wellness that day "with a backpack full of marijuana" to Defendant Spadafore's satisfaction. ECF 39, PgID 3749. But Defendant Spadafore does not argue that Ms. Hency previously appeared at DNA Wellness with a pattern or frequency to merit suspicion that she supplied DNA Wellness with marijuana. And he admits that the day he arrested her was a day when DNA Wellness was not illegally selling marijuana. Further, it is undisputed that Ms. Hency's "backpack full of marijuana" was a locked backpack containing an amount of marijuana that she was legally permitted to possess as a registered caregiver. Absent Ms. Hency's alleged statement

that she was at DNA Wellness to trade with Dale Shattuck, Defendant Spadafore did not have probable cause to arrest her.

The only palpable defect in the Order regarding Ms. Hency's claim against Defendant Spadafore for unlawful seizure of her person was therefore the Court's own scrivener's error. And a correction of that error would not change the outcome of the Order. The Court will therefore grant in part the motion for reconsideration to amend the word "immaterial" on PgID 3711 of the Order to say "material." The Court will otherwise deny the motion for reconsideration as to Ms. Hency's claim for unlawful seizure of her person against Defendant Spadafore.

### B. *Conspiracy Claim*

As to the conspiracy claim, Defendants admitted that they "should have expressly addressed [the claim] in their Brief and apologize[d] to the Court for the same." ECF 39, PgID 3750. As the Court noted in the Order, it simply could not grant summary judgment on a claim that Defendants failed to explicitly address in their motion for summary judgment. *See* ECF 38, PgID 3725. The Court was not misled by any palpable defect when making its determination, so the Court will deny the motion for reconsideration as to the conspiracy claim. But, for the reasons below, the Court will grant Defendants' motion for leave to file a second motion for summary judgment as to the conspiracy claim.

## II. Motion for Leave to File

Second, Defendants moved for leave to file a second motion for summary judgment only as to Plaintiffs' conspiracy to interfere with civil rights claim. ECF 40.

5

"A party must obtain leave of court to file more than one motion for summary judgment." E.D. Mich. 7.1(b)(2). But "[d]istrict courts may in their discretion permit renewed or successive motions for summary judgment" because the denial of summary judgment is not entitled to preclusive effect. *Kovacevich v. Kent State University*, 224 F.3d 806, 835 (6th Cir. 2000).

Here, Defendants followed the proper procedure by moving for leave to file their second motion for summary judgment. Because "good reasons exist" to grant the motion, the Court will do so. *Id.* (quoting *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995)). As noted in the Order, the Court is "skeptical about the merits of" Plaintiffs' conspiracy to interfere with civil rights claim. ECF 38, PgID 3724–25. The Court denied Defendants summary judgment on the claim because they failed to explicitly address the claim in their original motion for summary judgment. *Id.* But Defendants represented that the failure was inadvertent. ECF 40, PgID 3787. And the failure is understandable because in the complaint the claim was cushioned between Plaintiffs' request for attorney's fees and their request for punitive damages and thereby separated from the rest of the substantive claims. *See* ECF 1, PgID 30–31. Defendants' motion for leave also presented several plausible grounds on which they will move for summary judgment. ECF 40, PgID 3789–90. In the interest of justice and judicial economy, the Court will therefore grant Defendants leave to file a second motion for summary judgment only as to claim eleven—Plaintiffs' conspiracy to interfere with civil rights claim.

Defendants represented that they would be prepared to file their second motion for summary judgment within 72 hours of the Court granting their motion for leave to file. *Id.* at 3793. The Court will therefore order Defendants to file their motion no later than November 11, 2019. And because Defendants are permitted to file a second motion for summary judgment, the Court will adjourn the final pretrial conference and trial dates until further order of the Court.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion for reconsideration [39] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court's order granting in part and denying in part Defendants' motion for summary judgment [38] is **AMENDED** to change the word "immaterial" on PgID 3711 to "material."

**IT IS FURTHER ORDERED** that Defendants' motion for leave to file second motion for summary judgment (as to count XI only), and motion to adjourn final pretrial and trial [40] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall **FILE** their second motion for summary judgment as to the conspiracy to interfere with civil rights claim no later than **November 11, 2019**.

**IT IS FURTHER ORDERED** that the final pretrial conference and trial dates are **ADJOURNED** until further order of the Court.

**SO ORDERED.**

                                                            s/ Stephen J. Murphy, III
                                                            STEPHEN J. MURPHY, III
                                                            United States District Judge

Dated: November 10, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 10, 2019, by electronic and/or ordinary mail.

                                                            s/ David P. Parker
                                                            Case Manager